BROTHERHOOD WINE COMPANY, Claimant, *v.* THE STATE OF NEW YORK.

### Claim No. 16515.

(State of New York, Court of Claims, May, 1921.)

*A tax voluntarily paid to the person authorized to receive it under a mistake of law without coercion or duress cannot be recovered.*

CLAIM for return of excess liquor tax.

Palmer & Serles (Leslie Reid, of counsel), for claimant.

Porter L. Merriman, Deputy Attorney-General, for state.

CORWIN, J. The claimant herein was the holder of a liquor tax certificate issued pursuant to the provisions of subdivision 2 of section 8 of the Liquor Tax Law. Subdivision 4 of section 9-a of said law (added by chapter 623 of the Laws of 1917), required the holder of such a liquor tax certificate to file with the commissioner of excise periodical returns of the gross receipts of sales of liquors at the place or on the premises covered by such certificate, upon which

returns a tax was assessed pursuant to the provisions of subdivision 1 of said last mentioned section. The claimant filed such a return, erroneously including therein certain receipts which were exempt from the imposition of said tax. The tax, as computed and assessed upon said erroneous return, and as paid by the claimant, was in excess of the tax which would have been assessed upon a correct return. This claim is for the amount of such excess.

The tax, as assessed, was voluntarily paid by claimant to the person authorized to receive it under a mistake of law, without coercion or duress, and claimant is therefore bound by such payment and cannot recover. *New York & Harlem R. R. Co. v. Marsh,* 12 N. Y. 308; *Boston M. M. Fire Insurance Co. v. Hendricks,* 41 Misc. Rep. 479.

The claim should be dismissed.

ACKERSON, P. J., concurs.

Claim dismissed.